PER CURIAM.
¶ 1 Raymond E. Woods, pro se , appeals the circuit court's order denying his postconviction motion brought pursuant to WIS. STAT. § 974.06 (2015-16).[1] He also appeals the circuit court's order denying his motion for reconsideration. Woods argues that the circuit court erred by rejecting his argument that he received ineffective assistance of appellate counsel without first holding a hearing on his claim. Woods also argues that he is entitled to a new trial in the interests of justice. We reject these arguments. Accordingly, we affirm.
¶ 2 A claim of ineffective assistance of appellate counsel will lie only if the defendant shows that the issues he believes counsel should have raised are clearly stronger than the issues counsel raised. See State v. Starks , 2013 WI 69, ¶¶ 59-60, 349 Wis. 2d 274, 833 N.W.2d 146. "A motion claiming ineffective assistance of counsel does not automatically trigger a right to a [postconviction] testimonial hearing." State v. Phillips , 2009 WI App 179, ¶ 17, 322 Wis. 2d 576, 778 N.W.2d 157. The circuit court may deny a defendant's argument that he received ineffective assistance of appellate counsel without a hearing if the defendant fails to allege sufficient facts in his motion to show that he would be entitled to relief if those facts were established. See id .
¶ 3 Woods contends that he received ineffective assistance of appellate counsel because his appointed appellate counsel did not argue on appeal that: (1) his trial counsel improperly abandoned his alibi defense; and (2) the circuit court erred by refusing to appoint him successor counsel. However, Woods has not argued that these issues are clearly stronger than the issues Silver did, in fact, raise. Woods has made no effort to relate or compare his issues to the issues appellate counsel actually raised. Woods's allegation that he received ineffective assistance of counsel from appellate counsel is therefore insufficient on its face. The circuit court properly exercised its discretion in denying Woods's motion without a hearing.
¶ 4 Woods also argues that he is entitled to a new trial in the interest of justice. See WIS. STAT. § 752.35. However, Woods raises this argument for the first time in his reply brief. We will not consider issues that are raised for the first time in a reply brief. See State v. Marquardt , 2001 WI App 219, ¶ 14 n.3, 247 Wis. 2d 765, 635 N.W.2d 188.
By the Court .-Orders affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.